1998 ME 229

**Brenda L. WASOWSKI**

v.

**MAINE MEDICAL CENTER et al.**

Supreme Judicial Court of Maine.

Argued Sept. 9, 1998.

Decided Oct. 21, 1998.

call to the State. *See Wells v. Franklin Broadcasting Corp.,* 403 A.2d 771, 773 (Me.1979).

Jonathan S.R. Beal (orally), Fontaine & Beal, P.A., Portland, for employee.

James A. McCormack (orally), Verrill & Dana, LLP, Portland, for employer.

Julia A. Finn, General Counsel, Workers' Compensation Board, Augusta, for amicus curiae.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, SAUFLEY,* ALEXANDER and CALKINS, JJ.

CLIFFORD, Justice.

[¶ 1] The employer, Maine Medical Center, ("MMC"), appeals from an order of the Workers' Compensation Board Abuse Investigation Unit granting a petition for forfeiture and imposing a monetary penalty against MMC. MMC contends that it was denied its rights to due process by the manner in which the case was processed and decided by the Abuse Unit. Because we agree with MMC that the Board should not have granted the petition and assessed a penalty without MMC having the opportunity to submit a written position paper in response to the position paper submitted by the employee, we vacate the order assessing the penalty.

[¶ 2] The employee, Brenda Wasowski, suffered a work-related injury on December 3, 1996, while employed by MMC. An agreement was reached at mediation to pay workers' compensation benefits. When payment of the benefits was delayed, the Supervisor of the Payments Division, Marlene Swift, filed a petition for forfeiture pursuant to 39–A M.R.S.A. § 324 (Supp.1997),[1] with the Abuse Unit on Wasowski's behalf. The Abuse Unit issued a scheduling order providing deadlines for each party to file a position paper in regard to the requested forfeiture. The employee was required to file a position paper on or before September 2, 1997. MMC's deadline to file a responsive position paper was October 2. Acting without counsel, the employee filed a position paper, but failed to send a copy of it to MMC. MMC had sent a letter to Marlene Swift providing an explanation of the reasons for its delay in payment. The letter was a follow-up to a telephone conversation with Marlene Swift of the previous day, and was not in response to the paper filed by the employee. The Abuse Unit, however, considered MMC's letter as a position paper, and on September 11, prior to the date that MMC's position paper was due, the Abuse Unit issued an order granting the petition for forfeiture and assessing $2,950 in penalties against MMC. The Abuse Unit concluded that the technical difficulties and miscommunications set out in MMC's letter to Marlene Swift did not constitute "circumstances beyond the employer's control" to

---

\* Saufley, J. sat at oral argument and participated in the initial conference, but participated no further.

1. 39–A M.R.S.A. § 324 provides in pertinent part:
   **1. Order or decision.** The employer or insurance carrier shall make compensation payments within 10 days after the receipt of notice of an approved agreement for payment of compensation or within 10 days after any order or decision of the board awarding compensation. . . .
   **2. Failure to pay within time limits.** An employer or insurance carrier who fails to pay compensation, as provided in this section, is penalized as follows.
   A. Except as otherwise provided by section 205, if an employer or insurance carrier fails to pay compensation as provided in this sec-

tion, the board shall assess against the employer or insurance carrier a forfeiture of up to $200 for each day of noncompliance. If the board finds that the employer or insurance carrier was prevented from complying with this section because of circumstances beyond its control, no forfeiture may be assessed.
   . . . .
   (2) If a forfeiture is assessed against any employer or insurance carrier under this subsection on petition by an employee, the employer or insurance carrier shall pay reasonable costs and attorney's fees related to the forfeiture, as determined by the board, to the employee.
   . . . .
   39–A M.R.S.A. § 324.

justify late payment. 39–A M.R.S.A. § 324(2). We granted MMC's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (Supp.1997).

[¶ 3] MMC contends, *inter alia* that because the Board "jumped the gun" and issued its decision prior to the expiration of MMC's time-period to file a position paper, MMC was denied due process. The Board rules provide:

> The Abuse Investigation Unit will investigate the allegations contained in the Petition for Forfeiture. As part of its investigation, the Abuse Investigation Unit shall require any and all interested parties to submit written evidence concerning the petition, including but not limited to position papers, depositions and affidavits. The Abuse Investigation Unit will set forth a schedule for the submission of such evidence by the parties. Absent extraordinary circumstances, no testimonial hearing will be held.

Me. W.C.B. Rule ch. 15, § 6.2.C (1997).

[¶ 4] The Board's decision to treat MMC's letter as a position paper and its rush to judgment before the deadline passed for receipt of MMC's position paper violated the Board's own rule. The rule violation denied MMC the opportunity to present a written argument in response to the employee's allegations set out in a position paper that MMC did not receive. The letter written by MMC that the employee contends the Abuse Unit properly considered as a position paper, was not addressed to the Board, bears no heading to identify it as a position paper, and plainly states that it was intended as a follow-up to a telephone conversation with Marlene Swift. Moreover, MMC intended to make additional arguments in its position paper that were not included in its letter to Marlene Swift. As conceded by the Board in its amicus brief, "the Abuse Unit's process could have been better in this particular case and would have been better if both due dates [for filing position papers] had passed."

2. MMC also contends in general that the way the Abuse Unit processes cases in which there is a petition for forfeiture deprives the employer of its rights to due process. Because we remand the

[¶ 5] The Board erred in treating MMC's letter to Marlene Swift as a responsive pleading. We vacate the decision of the Abuse Unit and remand with instructions to provide MMC with an opportunity to file a responsive pleading for the purpose of making a showing of "extraordinary circumstance" justifying the delay in payment of benefits to Wasowski.[2]

The entry is:

The decision of the Workers' Compensation Board Abuse Unit is vacated. Remanded to the Workers' Compensation Board Abuse Unit for further proceedings consistent with this opinion.

case to the Workers' Compensation Abuse Unit for further proceedings, we do not address those contentions beyond the extent they are addressed in this opinion.